58 CCPA

**Application of Marcus L. CONRAD.**
**Patent Appeal No. 8494.**

United States Court of Customs
and Patent Appeals.
March 25, 1971.
Rehearing Denied May 6, 1971.

Kenneth C. Witt, Buchanan, Mich., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection on prior art of appellant's claims 1–6, all the claims in his application[1] entitled "Fluid Steering System."

In aid of the description of appellant's invention, we reproduce Figs. 1 and 1A of the application drawings:

FIG. 1

FIG. 1A

[A3885]

Referring to Fig. 1 of the drawing, which illustrates one preferred form of the invention, there is shown a steering system for a four-wheel vehicle which has a pair of double-acting fluid actuators 28 for turning the two wheels 12 at one end of the vehicle, a second pair of double-acting fluid actuators 44 for turning the two wheels 16 at the other end of the vehicle, a source of pressurized fluid 64, and an operator's steering device 84 for admitting pressurized fluid from the source for operating the said fluid actuators. The steering system includes fluid lines 80, 82 and 90 connected between the operator's steering device and the first pair of fluid actuators for transmitting fluid therebetween, a two-position valve 88 connected in one of the fluid lines, that is, between 82 and 90, and a second pair of fluid lines 100 and 98 connected between the two-position valve and the second pair of actuators for transmitting fluid therebetween. In one position (Fig. 1) the two-position valve bypasses the second pair of fluid actuators and provides for two-wheel steering, while in the second position (Fig. 1A) it connects the second pair of actuators in circuit with the first pair and provides four-wheel steering. Crab or oblique steering can be obtained by setting one pair of wheels with the valve in the Fig. 1A position and then switching the valve to the Fig. 1 position to permit setting the other pair parallel to the first pair.

Claim 1 is illustrative:

1. A steering system for a four wheel vehicle comprising, first fluid actuator means arranged for pivoting the two wheels at one end of the vehicle, second fluid actuator means arranged for pivoting the two wheels at the other end of the vehicle, a source of pressurized fluid, an operator's steering device connected for admitting pressurized fluid from the said source for operating the said fluid actuator means, first conduit means connected between the said operator's steering device and the said first fluid actuator means for transmitting fluid

therebetween, a two-position valve connected in the said first conduit means, second fluid conduit means connected between the said valve and the said second fluid actuator means for transmitting fluid therebetween, the said two-position valve in one position connecting the said second fluid actuator means in circuit with the said first fluid actuator means and in the other position by-passing the said second fluid actuator means.

Claim 2 depends from claim 1 and specifies a steering system in which each fluid actuator means comprises a single double-acting fluid actuator. Claim 3 is also dependent from claim 1 and covers a steering system in which each fluid actuator means comprises a pair of double-acting fluid actuators. Claim 4 is directed to the embodiment of Fig. 1 including pairs of double-acting actuators for the wheels at both ends of the vehicle. Claim 5 depends from claim 4 and adds more details of the arrangement for connecting the fluid lines to the pair of fluid actuators at one end of the vehicle so they operate in push-pull arrangement. Claim 6 depends from claim 5 and adds the details of the conduit connections which provide for push-pull operation of the other pair of double-acting fluid actuators at the other end of the vehicle.

The references relied on are:

| Hoyt | 3,185,245 | May 25, 1965 |
| Tucker | 3,265,146 | August 9, 1966 |

Hoyt discloses a steering system for a four-wheel vehicle, as shown in Fig. 1 below.

FIG. I

Fluid actuators 28, 29 are arranged for pivoting the two wheels 12 at one end of the vehicle; second fluid actuators 30, 31 are arranged for pivoting the wheels 18 at the other end of the vehicle. There is a source of pressurized fluid 40, 44; an operator's steering control valve 32 connected for admitting pressurized fluid from the source for operating the said fluid actuators; first conduits 50, 54, 52, 56, 58 connected between the operator's steering control valve 32 and the first fluid actuators 28, 29 for transmitting fluid therebetween; a three-position selector valve 34 connected in the first conduits 52, 56; and

second fluid conduits 66, 68, 72, 74 connected between the selector valve 34 and the second fluid actuators 30, 31 for transmitting fluid therebetween. The selector valve 34 may be set in two distinct positions connecting the second fluid actuators in circuit with the first fluid actuators and in a third control position bypassing the second fluid actuators.

The Tucker patent discloses a steering system for a four-track vehicle, as shown in Fig. 1:

A first hydraulic ram 10 is arranged for pivoting the two tracks 8 at one end of the vehicle, while a second hydraulic ram 11 is arranged for pivoting the two tracks 9 at the other end. There is a source of pressurized fluid 12, 16; a steering wheel actuated steering control device 14 for admitting pressurized fluid from the source for operating hydraulic rams 10, 11; first conduits 17, 19, 20, 23, 25, 26, 27 connected between the steering control device 14 and the first hydraulic ram 10 for transmitting fluid therebetween; a two-position valve 21 connected in the first conduits 20, 26, 27; and second fluid conduits 28, 29 connected between the valve 21 and the second hydraulic ram 11 for transmitting fluid therebetween. The two-position valve 21 in one position connects the second hydraulic ram 11 in circuit with the first hydraulic ram 10 and in the other position it bypasses the second hydraulic ram 11.

The examiner rejected claims 1–6 as unpatentable, "in the sense of 35 U. S.C. 103," over Hoyt either taken alone or in view of Tucker. Considering Hoyt alone, the examiner concluded that it would be obvious to use only two positions of the three-position valve of Hoyt "since this would be a matter of choice or design." With reference to the rejection on Hoyt in view of Tucker, the examiner considered it to be obvious to substitute a two-position valve, as shown by Tucker at 21, for Hoyt's three-position valve 34 between conduits 52, 56 and conduits 66, 72 of Hoyt. With regard to claim 2, it was the examiner's position that one of the actuators at each end of Hoyt could be omitted since

this would not result in any change in the mode of operation. In this connection, it is noted that Tucker employed single rams 10 and 11 for controlling the front and rear tracks, respectively.

In affirming, the board in essence adopted the rationale employed by the examiner. It considered untenable appellant's argument as to simplified structure by reason of the fact that the claimed structure does not accomplish the same control as is possible in the Hoyt reference. The board stated:

> It appears to us that no unobvious change is involved in reverting the Hoyt structure to a form wherein the valve 34 has to be manually set. This only involves direct manual mode selection rather than the indirect and refined mode selection of the reference. The direct selection of steering mode involving rear elements is shown in Tucker and in combination with manual means as taught by appellant.

Considering first the rejection under § 103 over Hoyt taken alone, it is clear that the Hoyt steering system embodied three steering modes which included additional (electrical) elements to produce certain refinements. Appellant admits that his system is "not as precise as that of Hoyt" and accomplishes "essentially the same operations as the Hoyt system." It was apparently upon this premise that the board saw nothing unobvious in sacrificing Hoyt's three-position valve operation along with its appurtenant more refined function. See In re Keegan, 331 F.2d 315, 51 CCPA 1344 (1964) and cases therein cited. A careful examination of the appealed claims supports the solicitor's assertion that the claims are silent on the means to be used to operate the two-position valve. It would seem immaterial, therefore, whether an electrical device for the operation of valve 34 is retained.

Addressing consideration to the rejection predicated on Hoyt in view of Tucker, it is noted that both of these references disclose fluid steering systems utilizing control valves. Hoyt employs the three-position valve 34. Tucker's valve is a simpler manually operated two-position valve 21. In fact, Tucker's whole fluid steering system is not significantly different from that of appellant. Where manual operation is desired, as well it might be to avert complexity and in the interest of economy, one skilled in the art would readily recognize the feasibility of substituting Tucker's two-position valve for Hoyt's three-position valve. The sacrifice in function would be apparent.

In essence, appellant appears to admit that given the suggestion to utilize a two-position valve in the Hoyt structure, an accommodating modification thereof could be made. In substance, appellant's main contention is that the prior art falls short of suggesting his particular simplification. The examiner and the board rejected this contention, and so do we. In this connection, it is to be observed that the Hoyt combination or system presents a high degree of complexity or refinement. One skilled in the art interested in a less complex system would readily conclude that the more costly and sophisticated elements, with their function, could be omitted without causing any unexpected result. If art suggestion were needed, it would, in our opinion, manifest itself in Tucker's use of two-position valve 21 in a similar fluid steering system. The law does not require express suggestion. As was said by this court in re Rosselet, 347 F.2d 847, 52 CCPA 1533 (1965):

> * * * the test of obviousness is not express suggestion of the claimed invention in any or all of the references but rather what the references taken collectively would suggest to those of ordinary skill in the art *presumed* to be familiar with them.

As in *Rosselet*, the references here "are closely related in the same art."

We have noted appellant's contention that the board has apparently stated a new ground of rejection. We agree with the solicitor that this allegation is untimely. Appellant did not petition for rehearing or reconsideration of the

board's decision pursuant to Rule 197 of the Rules of Practice. This is not an issue properly before us.

We have considered the cases cited and the arguments advanced. We are not persuaded of reversible error in the decision of the board; accordingly, that decision is affirmed.

Affirmed.